**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ISMAEL HERNANDEZ PADILLA,** ) | |
| **ID # 356764,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:12-CV-0884-D (BH) |
| ) | |
| **F. REESCANO, Warden** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He appears to challenge a previous denial of parole, the forfeiture of good time credits and demotion in classification, and the failure to credit him with street time and good time credits. The respondent is F. Reescano, Warden of the Boyd Unit.[1]

On May 3, 1983, petitioner was convicted of aggravated robbery and rape in Cause Nos. F83-88766-UP and F82-90756-RP in Dallas County, Texas, and he was sentenced to fifty years and twenty years of imprisonment, respectively. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search for petitioner). Petitioner has filed state writs of habeas corpus challenging these convictions

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because petitioner is currently incarcerated in the Correctional Institutions Division of the TDCJ, its director has custody of him, and Rick Thaler should be substituted as respondent in this case.

1

and the denial of parole that have been denied on their merits by the Texas Court of Criminal Appeals. *See Ex parte Padilla*, No. WR-20,423-01 (Tex. Crim. App. Sept. 13, 1989); *Ex parte Padilla*, No. WR-20,423-02 (Tex. Crim. App. Oct. 8, 2000); *Ex parte Padilla*, No. WR-20,423-03 (Tex. Crim. App. Oct. 18, 2000). Petitioner also filed subsequent state writs challenging his aggravated robbery conviction and the denial of parole that were dismissed as abuses of the writ. *See Ex parte Padilla*, No. WR-20,423-04 (Tex. Crim. App. Jan. 24, 2001); *Ex parte Padilla*, No. WR-20,423-13 (Tex. Crim. App. Jan. 18, 2012). Another state writ challenging his rape conviction was dismissed by the Court of Criminal Appeals because the sentence has been discharged. *See Ex parte Padilla*, No. WR-20,423-15 (Tex. Crim. App. Feb. 29, 2012).[2]

On November 15, 2010, petitioner filed a state writ challenging the denial of parole in September of 2008 and a two-year set off. It was denied by the Court of Criminal Appeals on October 26, 2011. *See Ex parte Padilla*, No. WR-20,423-12 (Tex. Crim. App. Oct. 26, 2011). On July 19, 2010, petitioner filed a Time Dispute Resolution (TDR) with the TDCJ. The TDCJ denied the TDR on March 31, 2011, after determining that there was no error in petitioner's time calculations. (Response, Ex. A). On September 9, 2011, petitioner filed an "amended" state writ in which he challenged the denial of previously earned good-time credits. (State Habeas Transcript "S.H.Tr." [WR-20,423-14]:22-43). On February 29, 2012, this writ was also denied by the Court of Criminal Appeals. *See Ex parte Padilla*, WR-20,423-14 (Tex. Crim. App. Feb. 29, 2012).

Petitioner mailed his federal petition on March 20, 2012. (Pet. at 10). Respondent filed a response brief asserting that petitioner's claims are barred by the statute of limitations and without merit. Petitioner filed a reply brief on September 28, 2012, in which he added an additional claim

---

[2] Petitioner's sentence for his rape conviction was discharged in 2003. (Resp., Ex. A).

that the discharge date for his sentence has been changed from March 3, 2033 to August 30, 2033. (Reply at 9).

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date petitioner's conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)). Petitioner's conviction became final in 1983. Therefore, the one-year statute of limitations is calculated from the date on which he knew or should have known with the exercise of due diligence

3

the facts supporting his claims.

In his petition and his reply brief, petitioner raises many arguments regarding the denial of parole, the forfeiture of credits, and the failure to credit him with previously earned credits. The relevant facts regarding these claims appear to be as follows:

    1) Petitioner was released on parole on November 7, 2001. Parole was revoked on July 5, 2002. At that time, petitioner forfeited five months and 29 days of calendar street-time credit and forfeited all of his previously earned good-time credits. The forfeiture of street time changed the discharge date on his aggravated robbery sentence from May 3, 2033 to August 30, 2033. (Resp., Ex. A);

    2) On February 1, 2005, the State Counsel of Offenders sent petitioner a letter, apparently in response to an inquiry by petitioner. This letter informing petitioner that his rape conviction was discharged on August 1, 2003; that as of the date of the letter he had earned 21 years, 6 months, and 2 days of flat time; that he had earned good time credits from April 6, 2002 to January 2, 2005, when he was demoted in class and ceased earning good time credits; and that his previously earned and forfeited good time credits could not be restored to him. (Reply at 28);

    3) In September of 2008, petitioner was denied parole, and a two-year set-off date was set (S.H.Tr.[WR-20,423-12 at 14-17, 26); and

    4) Petitioner has lost a total of 525 days of good time due to major disciplinary convictions, and he has not earned any good time credit since October 31, 2009. (Resp., Ex. A).

Petitioner was made aware of the factual basis for his claims regarding the forfeiture of street and good-time credits upon revocation of his parole in 2002, the change in his discharge date, his demotion in class and inability to earn further good-time credits, and the change in sentence discharge date, in the letter from the State Counsel of Offenders dated February 1, 2005. He was aware of the factual basis for his claim regarding the denial of parole in September of 2008 at that time. To the extent that petitioner is challenging the fact that he ceased earning good time credits on October 31, 2009, he would have been aware of the factual basis for this claim on that date through the exercise of due diligence. Because petitioner filed his federal petition several years after

4

these dates, the statutory tolling provision does not save these claims

## A. <u>Statutory Tolling</u>

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file a TDR regarding his time credits until July of 2010, over five years after he became aware of the factual bases for those claims. Petitioner did not file a state writ challenging the denial of parole in September of 2008 until November of 2010, over two years later. It is well settled that a document filed in state court after the limitations has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the statutory tolling provision does not save these claims.

To the extent that petitioner's petition can be read to challenge the fact that he ceased earning good-time credits on October 31, 2009, petitioner filed a TDR that tolled the statute of limitations almost eight months later, on July 19, 2010. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (holding that the limitations period is tolled while a TDR is pending). After the TDCJ denied the TDR on March 31, 2011, the limitations period began running again on April 1, 2011. When petitioner signed a state writ challenging his time credit accrual and forfeiture on September 9, 2011, five more months had elapsed. Therefore, the one-year statute of limitations had lapsed before he filed his state writ. All of these claims petitioner raised in his March 20, 2012, filing are untimely.[3]

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can,

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

5

in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Petitioner's reply brief can be read as a request for equitable tolling. Throughout this brief, he states that he has pursued his claims. However, he fails to meet his burden to show that he is entitled to equitable tolling. Given the number of years that have passed before he filed his federal petition, he has not shown that he has diligently pursued his rights in state and federal court.

6

Furthermore, he has not shown that there has been an extraordinary circumstance that has prevented him from filing a timely federal petition. His federal petition should be deemed untimely.[4]

### III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 8th day of March, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Even if petitioner's federal petition was timely, he would not be entitled to relief on the merits of his claims. He has no liberty interest in the forfeited street-time credits because he was convicted of aggravated robbery and was not entitled to be credited with street time. *See* TEX. GOVT CODE ANN. §§ 508.149(a), 508.283(c) (West 2006); *see also Johnson v. Quarterman*, 304 Fed. App'x 234 (Dec. 10, 2008). There is no federal constitutional right to have forfeited good-time credits after parole revocation restored or to be awarded good-time credits while in prison, *Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997); *Hamill v. Wright*, 870 F.2d 1032, 1036 (5th Cir. 1989), and there is no federal constitutional right to be given a good-time earning classification in prison. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). There is also no constitutional expectancy of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). While it does appear that petitioner may be entitled to be released on mandatory supervision when his good-time credits and flat-time credits equal his fifty-year sentence, that date is currently estimated to be October 30, 2025. (Resp., Ex. A); *see also* TEX. GOVT. CODE ANN. § 508.147 (West 1997).

7

...

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE